IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:21-cr-232-SI |
| v. | **OPINION AND ORDER** |
| **CRAIG THOMAS DONNELLY**, | |
| Defendant. | |

Quinn P. Harrington, Hannah Horsley, and Thomas S. Ratcliffe, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Robert Hamilton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 SW Main Street, Suite 1700, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

In this criminal action, Defendant Craig Thomas Donnelly has waited nearly six months to be transferred to a medical facility for an evaluation of his ability to return to competency, pursuant to 18 U.S.C. § 4241(d)(1). Defendant moves to dismiss his indictment, arguing that this delay violates the four-month limitation stated in § 4241(d), as well as his rights under the Speedy Trial Act and the Due Process Clause of the Fifth Amendment to the U.S. Constitution. For the reasons explained below, the Court denies Defendant's motion to dismiss.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

In July 2021, Defendant was indicted on three counts alleging cyberstalking, stalking, and interstate violation of a protection order. In August 2021, the Court detained Defendant under 18 U.S.C. § 3142 as a flight risk and a danger to both the victim and the community. ECF 13. The Court later ordered a competency examination of Defendant under 18 U.S.C. § 4241. ECF 20. On November 18, 2021, after reviewing Defendant's mental health evaluation, the Court found Defendant not competent to stand trial and ordered his commitment to the Attorney General for hospitalization and treatment to determine whether he can be restored to competency under § 4241(d)(1). ECF 27. Defendant was designated for hospitalization and treatment at the United States Medical Center for Federal Prisoners at Springfield, Missouri (FMC Springfield). As a result of transport delays and a lack of capacity at FMC Springfield, Defendant has remained at the Federal Detention Center in Sheridan, Oregon (FDC Sheridan). In March 2022, the U.S. Marshal informed Defendant that a space at FMC Springfield would likely become available in July 2022. Defendant moves to dismiss the indictment, arguing that his continued detention at FDC Sheridan violates his rights under 18 U.S.C. § 4241, the Speedy Trial Act, and the Due Process Clause.

## DISCUSSION

**A.  18 U.S.C. § 4241**

Defendant argues that the government violated 18 U.S.C. § 4241(d)(1) by continuing to detain him for more than four months without treatment at FDC Sheridan. Defendant contends that § 4241(d)(1) restricts his commitment to the Attorney General and for hospitalization to a period not to exceed four months. The government responds that the four-month limitation only applies to Defendant's length of hospitalization and does not include transportation delays.

The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). The inquiry ends "if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Id.* (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341.

Section 4241(d) provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> > (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]

18 U.S.C. § 4241(d). The plain text of the statute provides that the four-month period begins at a defendant's hospitalization. The statute's reference to the four-month limitation appears only in the sentence beginning "The Attorney general shall hospitalize . . ." and, read in context, applies only to that period of hospitalization and not the total period of time that a defendant has been "committed" to the Attorney General.

The Ninth Circuit previously reached the same conclusion in an unpublished decision. *United States v. Villegas*, 589 F. App'x 372, 373 (9th Cir. 2015) ("The plain language of § 4241(d) provides that the four-month period of evaluative commitment begins on the date of

PAGE 3 – OPINION AND ORDER

hospitalization."). In addition, other district courts agree. *See, e.g.*, *United States v. Jones*, 2020 WL 7127321, at *2 (D. Mont. 2020) ("By its plain terms, the 'reasonable period of time, not to exceed four months' does not begin to run until the defendant is hospitalized." (quoting *Villegas*, 589 F. App'x at 373)); *United States v. Zapata-Herrera*, 2015 WL 4878319, at *1 (S.D. Cal. Aug. 14, 2015) ("Under the plain language of § 4241(d)(1), the authorized four-month period begins on the date of hospitalization.").

Defendant argues that the Ninth Circuit in *United States v. Strong* held that the four-month period begins as of the date of the district court's commitment order. 489 F.3d 1055, 1061 (9th Cir. 2007). The Ninth Circuit in *Strong*, however, reached no conclusion about when the four-month period begins. The Ninth Circuit only held that § 4241 does not violate the Due Process Clause because it contains some reasonable time limitation. *Id.* The Ninth Circuit did not address the argument that Defendant raises here, which is whether the time limitation begins at hospitalization or earlier. Defendant also points to *United States v. Quintero*, but neither did the Ninth Circuit in *Quintero* address the argument that Defendant raises here. 995 F.3d 1044 (9th Cir. 2021). In *Quintero*, the Ninth Circuit simply explained that a defendant's "commitment to the Attorney General" is "durationally limited" to four months but did not address the specific question presented here. *Id.* at 1056.

The Court also does not find persuasive the reasoning recently expressed by the United States District Court for the District of Columbia in *United States v. Carter*, --- F. Supp. 3d ---, 2022 WL 483636, at *5 (D.D.C. Jan. 27, 2022). In *Carter*, the court concluded that the plain text of § 4241 shows that the durational limit begins with the order of commitment, not hospitalization. *Id.* The court's reasoning, however, relies on the assumption that the statute commands the Attorney General to hospitalize an incompetent defendant immediately upon

PAGE 4 – OPINION AND ORDER

commitment. *See id.* ("[T]he plain text of § 4241(d)(1) provides that the government 'shall hospitalize' an incompetent defendant as soon as the government obtains 'custody' over him."). Section 4241, however, contains no such explicit directive. Instead, that is merely an extrapolation or interpretation of the statute.

The district court in *Carter* also stated that allowing the four-month period to begin at hospitalization would create a "substantial hole in this statutory scheme." *Id.* at *6. The possibility of a loophole, however, does not override the plain meaning of the statutory text, and as explained below, the Due Process Clause still provides a backstop to excessive delays in securing hospitalization. The *Carter* court also rejected the Ninth Circuit's conclusion in *Villegas*, stating that *Villegas* "did not concern a prolonged transportation delay and had no reason to address the government's distinction between transportation and hospitalization." *Id.* at *6. But in assessing whether the government violated the four-month statutory time limitation, a court must still determine when that period begins to run, even if a defendant had been detained for only a few days beyond four months. Because Defendant here has not been hospitalized for a period longer than four months, the government has not violated § 4241(d).

**B. Speedy Trial Act**

Defendant also argues that his continued detention at FDC Sheridan violates the Speedy Trial Act. Transportation delays, including transport to and from examination or hospitalization, are excluded from the Speedy Trial Act, but a delay longer than ten days "shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F). Defendant contends that because his transport delay far exceeds ten days, the Court should dismiss his indictment. The government has not responded to this specific argument. The Ninth Circuit's decision in *United States v. Romero*, 833 F.3d 1151 (9th Cir. 2016), however, precludes Defendant's position.

In *Romero*, a district court found the defendant not competent to stand trial and committed him to the Attorney General for restoration to competency under § 4241(d). 833 F.3d at 1152. After the district court issued its order, the defendant waited three months to be transferred to a medical center. *Id.* Four months after the defendant's arrival at the medical center, the district court received a certificate of the defendant's restoration to competency. *Id.* at 1152. The district court then excluded from the Speedy Trial Act the days that transpired after the district court ordered the defendant's competency evaluation and before the medical center returned a certificate of competency, under § 3161(h)(1)(A). *Id.* at 1153. The case later proceeded to trial. *Id.*

On appeal, the defendant argued that the district court had improperly excluded 81 of the 91 days that the defendant had been waiting for transport to the medical center. *Id.* The defendant argued that when the district court ordered his commitment to the Attorney General for hospitalization, the court had already found him not competent, and therefore the exclusion under § 3161(h)(1)(A) did not apply. *Id.* at 1153-54; *see* § 3161(h)(1)(A) (excluding "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant"). In addition, under § 3161(h)(1)(F), the defendant argued, any transportation delay beyond ten days was "presumed to be unreasonable." *Id.* at 1153; *see* § 3161(h)(1)(F) (excluding "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable"). The government responded that even if the district court erred by excluding time under

§ 3161(h)(1)(A) after the defendant was found not competent, any error was harmless because the exclusion under § 3161(h)(4) applied. *Id.* at 1154.

The Ninth Circuit agreed with the government. *Id.* at 1154. Section 3161(h)(4) excludes from the Speedy Trial Act "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." 18 U.S.C. § 3161(h)(4). The Ninth Circuit explained that a plain reading of that subsection allows exclusion of the entire period between the district court's finding of incompetency and the defendant's later restoration after hospitalization under § 4241(d). *Id.*

Similarly, here, the Court found Defendant not competent to stand trial and ordered his evaluation, hospitalization, and treatment under § 4241(d). Thus, the time that Defendant awaits his transfer to FMC Springfield and treatment at FMC Springfield is excludable under § 3161(h)(4). *See Romero*, 833 F.3d at 1154. The Speedy Trial Act, therefore, has not been violated.

## C. Due Process

Finally, Defendant argues that his continued detention at FDC Sheridan violates his right to Due Process. Under *Jackson v. Indiana*, "a person . . . who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." 406 U.S. 715, 738 (1972). In *Oregon Advocacy Center v. Mink*, the Ninth Circuit added that "[h]olding incapacitated criminal defendants in jail for weeks or months violates their due process rights because the nature and duration of their incarceration bear no reasonable relation to the evaluative and restorative purposes for which courts commit those individuals." 322 F.3d 1101, 1122 (9th Cir. 2003).

In response, the government argues that the Due Process analysis here differs because unlike the defendants in *Jackson* and *Mink*, Defendant was detained not only due to the Court's finding of incompetency but also due to his flight risk and danger to the community. *See* ECF 13, at 1 (finding that there is "[n]o condition or combination of conditions [that] will reasonably assure the safety of other persons and the community due to" the nature of the offense, arrest behavior, safety of the victim, and a pattern of the same criminal activity); *see also Jones*, 2020 WL 7127321, at *2-3 (concluding that the defendant's four-month wait to be transferred to a medical center under § 4241(d) did not violate Due Process and stating: "Where a defendant is detained for some reason other than their incapacitation, a brief delay caused by logistical difficulties or even error is not unreasonable and does not result in any violation of the defendant's due process rights." (citing cases)).

The Court need not resolve whether Defendant's continued detention before his transfer to FMC Springfield violates Due Process because Defendant has not shown that dismissal of the indictment is warranted. As relevant here, the Ninth Circuit has outlined a district court's authority to dismiss an indictment as follows:

> A district court may dismiss an indictment for a violation of due process or pursuant to its supervisory powers. To warrant dismissal on due process grounds, government conduct must be so grossly shocking and outrageous as to violate the universal sense of justice. . . .
>
> Dismissal under the court's supervisory powers for prosecutorial misconduct requires (1) flagrant misbehavior and (2) substantial prejudice.

*United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993) (citation omitted). Defendant has not shown that his delayed transport to FMC Springfield constitutes "grossly shocking and outrageous" conduct or "flagrant misbehavior." *See id.* The U.S. Marshal informed Defendant that his delayed transfer is caused by a lack of available space at FMC Springfield. Defendant

PAGE 8 – OPINION AND ORDER

does not argue that this reason for his delay amounts to gross governmental misconduct, and the Court has identified no basis for such a conclusion. Thus, dismissal of the indictment is not appropriate.

## CONCLUSION

The Court DENIES Defendant's motion to dismiss (ECF 29).

**IT IS SO ORDERED**.

DATED this 11th day of May, 2022.

                                        /s/ *Michael H. Simon*
                                        Michael H. Simon
                                        United States District Judge